UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

213-15 76TH STREET CONDO
ASSOCIATION,

              Plaintiff,        Civil No. 14-7695 (NLH/JS)

v.

                                    **OPINION**

SCOTTSDALE INSURANCE COMPANY,

              Defendant.

_____

**APPEARANCES:**

Thomas T. Booth, Jr., Esquire
Law Offices of Thomas T. Booth, Jr., LLC
129 W. Evesham Road
Voorhees, New Jersey 08043

Thomas G. Scopinich, Esquire
720 W. 3rd Street
Lansdale, Pennsylvania 19446

     *Counsel for Plaintiff*

Michael S. Saltzman, Esquire
Goldberg Segalla, LLP
1700 Market Street
Suite 1418
Philadelphia, Pennsylvania 19103

     *Counsel for Defendant*

**HILLMAN, District Judge:**

Presently before the Court is the motion [Doc. No. 6] of Defendant, Scottsdale Insurance Company, seeking to dismiss the complaint to the extent that Plaintiff, 213-15 76th Street Condo Association, seeks an award of attorney's fees in this first-party insurance action. Plaintiff opposes the motion. The

1

Court has considered the submissions of the parties and decides this matter pursuant to Fed. R. Civ. P. 78.

For the reasons that follow, Defendant's motion will be granted.

## I.   BACKGROUND

This case arises out of damage to real property due to wind or wind-driven rain from Hurricane Sandy on October 29, 2012. Plaintiff and the property were insured by Defendant under a policy of insurance.  Plaintiff alleges that it notified Defendant of a claim under the insurance policy, which claim was initially denied.  Defendant thereafter offered partial payment in the amount of $5,488.40, but Plaintiff contends that this amount does not fully cover the losses sustained.  Plaintiff thus initiated this action in the Superior Court of New Jersey, Cape May County, Law Division, alleging one count for breach of contract.  Defendant then filed a notice of removal to this Court on the basis of diversity jurisdiction.

## II.  JURISDICTION

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the individuals who comprise the plaintiff association are citizens of New Jersey and Pennsylvania, Defendant is an Ohio corporation with its principal place of business in Arizona, and the amount in controversy is alleged to exceed $75,000.

2

III. <u>**STANDARD FOR DISMISSAL**</u>

In considering whether the complaint fails to state a claim, the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005); <u>see also</u> <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed. R. Civ. P. 12(b)(6), [a district court is] . . . required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff).  A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 563 n.8, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting <u>Scheuer v. Rhoades</u>, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Our decision in <u>Twombly</u> expounded the pleading standard for 'all civil actions[.]'") (citation omitted).

3

Under the Twombly/Iqbal standard, a district court first
"must accept all of the complaint's well-pleaded facts as true,
but may disregard any legal conclusions." Fowler v. UPMC
Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal,
556 U.S. at 678, 129 S. Ct. 1937).  Second, a district court
"must then determine whether the facts alleged in the complaint
are sufficient to show that the plaintiff has a 'plausible claim
for relief.'" Fowler, 578 F.3d at 211 (citing Iqbal, 556 U.S.
at 679, 129 S. Ct. 1937).  "[A] complaint must do more than
allege the plaintiff's entitlement to relief." Fowler, 578 F.3d
at 211; see also Phillips, 515 F.3d at 234 ("The Supreme Court's
Twombly formulation of the pleading standard can be summed up
thus: 'stating . . . a claim requires a complaint with enough
factual matter (taken as true) to suggest' the required element.
This 'does not impose a probability requirement at the pleading
stage,' but instead 'simply calls for enough facts to raise a
reasonable expectation that discovery will reveal evidence of'
the necessary element.") (citing Twombly, 550 U.S. at 556, 127
S. Ct. 1955).  "The defendant bears the burden of showing that
no claim has been presented." Hedges v. United States, 404 F.3d
744, 750 (3d Cir. 2005).

IV.   **DISCUSSION**

    A.   **Choice of Law**

      Since the claim in this case is based on state law, at the outset the Court must determine which law to apply.  The parties did not address the choice of law issue in their briefs, citing only New Jersey law in connection with the pending motion to dismiss.  The Court, by Order dated July 9, 2015, required the parties to submit supplemental briefing on the choice of law issue.

      The parties have now advised the Court that the insurance contract at issue in this case contains a choice of law provision, and they agree that New Jersey law applies pursuant to this clause.  Specifically, the "Service of Suit" clause states that "[i]t is agreed that in the event of the failure of the Company to pay any amount claimed to be due under this policy, the Company at the request of the insured . . . will submit to the jurisdiction of any court of competent jurisdiction within the United States of America[.] . . . All matters which arise will be determined in accordance with the law and practice of the Court."  (Br. on Choice of Law [Doc. No. 11], Ex. B.)  This action was originally filed in New Jersey state court and was removed to federal court in the District of New Jersey.  Therefore, based on the "Service of Suit" clause in

the insurance contract, the Court finds that New Jersey law applies to the breach of contract claim in this case.

**B.   Defendant's Motion**

Defendant seeks dismissal of the complaint to the extent it contains a request for attorney's fees.  According to Defendant, this is a first-party insurance claim, and New Jersey law prohibits an award of counsel fees when an insured brings a direct suit against his insurer for coverage.  Plaintiff does not dispute the general proposition that attorney's fees are not allowed on first-party insurance claims, but argues that such fees may be awarded when an insurer denies a claim in bad faith. Plaintiff asserts that "[a]s discovery proceeds, Plaintiff may discover facts that give rise to a claim of bad faith which would enable Plaintiff to recovery attorneys fees." (Pl.'s Br. in Opp. to Def.'s Mot. to Dismiss [Doc. No. 7] 2.)

"A 'first-party' claim against an insurance company is 'a suit by an insured against his insurance company because of its failure to settle his claim . . . as opposed to a suit based on the insurer's failure to settle a third party tort claim for a reasonable sum.'" Shore Orthpaedic Group, LLC v. Equitable Life Assurance Soc'y of U.S., 397 N.J. Super. 614, 625, 938 A.2d 962 (N.J. Super. App. Div. 2008) (internal citation omitted), certif. denied, 195 N.J. 520, 950 A.2d 907 (N.J. 2008).  Under New Jersey law, counsel fees may be awarded when an insurer

refuses to indemnify or defend its insured's third-party liability to another, but an insured who brings direct suit against his insurer for coverage is not entitled to a fee award. Id.; see also LM Ins. Corp. v. All-Ply Roofing Co., Inc., Civ. A. No. 14-4723, 2015 WL 333469, at *4 (D.N.J. Jan. 23, 2015)(dismissing demand for attorney's fees on first-party insurance claim).

Plaintiff contends that attorney's fees may nonetheless be awarded in a first-party insurance claim when an insurer acts in bad faith.  The New Jersey Supreme Court has recognized a cause of action for an insurer's bad faith failure to pay an insured's claim.  Pickett v. Lloyd's, 131 N.J. 457, 470, 621 A.2d 445 (N.J. 1993).  "A finding of bad faith against an insurer in denying an insurance claim cannot be established through simple negligence."  Badiali v. New Jersey Mfrs. Ins. Group, 220 N.J. 544, 554, 107 A.3d 1281 (N.J. 2015) (citing Pickett, 131 N.J. at 481, 621 A.2d 445).  "Moreover, mere failure to settle a debatable claim does not constitute bad faith."  Id. (citing Pickett, 131 N.J. at 473, 621 A.2d 445).  "Rather, to establish a first-party bad faith claim for denial of benefits in New Jersey, a plaintiff must show 'that no debatable reasons existed for denial of the benefits.'"  Id. (citing Pickett, 131 N.J. at 481, 621 A.2d 445).  Where an insurer acts in bad faith, it is "liable for all of the natural and probable consequences"

7

resulting from its failure to perform under the contract.
Pickett, 131 N.J. at 476, 621 A.2d 445.

    Here, while Plaintiff asserts that a bad faith claim would
support its request for attorney's fees, the complaint does not
contain any allegations that Defendant acted in bad faith.
Plaintiff even implicitly concedes that it does not have any
basis to assert a bad faith claim at this time, arguing that
discovery might show that Defendant acted in bad faith.  As the
complaint only contains a first-party breach of contract claim
and presently fails to assert any facts to support a claim for
bad faith, there is no basis for Plaintiff's request for
attorney's fees at this time.  Defendant's motion to dismiss
this request will therefore be granted.

**V.   <u>CONCLUSION</u>**

    Because the complaint at this time asserts only a first-
party insurance claim, and New Jersey law prohibits an award of
attorney's fees for such a claim, Defendant's motion to dismiss
the request for attorney's fees will be granted, and the claim
for attorney's fees will be dismissed without prejudice.

    An Order accompanying this Opinion will be entered.


                                 s/ Noel L. Hillman
                              NOEL L. HILLMAN, U.S.D.J.

Dated: July 31, 2015

At Camden, New Jersey

                              8